19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Howard CARNEY, Jr., Appellant.
 No. 93-1277.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 19, 1993.
Filed: March 1, 1994.
 
 Before BOWMAN, BEAM, MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal is taken from a 1O7-month sentence of incarceration imposed upon Howard Carney, Jr., following his plea of guilty to a charge of unarmed bank robbery, a violation of 18 U.S.C. Sec. 2113(a). We affirm.
 
 
 2
 The sentence at issue represents the ending point in a convoluted pathway for Carney through the procedures mandated by the federal criminal system. It is also the product of an upward departure from the initial sentencing guideline calculation made in Carney's presentence report (PSR).
 
 
 3
 Carney was arrested in Kansas City, Missouri, on an arrest warrant charging unlawful flight to avoid prosecution. When apprehended, an Intratec 9mm semi-automatic pistol was discovered in the waistband of his trousers. He also possessed ammunition, a holster, false identification and items to be used in effecting a disguise.
 
 
 4
 Thereafter, a federal grand jury returned a one-count indictment charging Carney with being a felon in possession of a firearm after being convicted of three previous felonies which were crimes of violence. See 18 U.S.C. Secs. 922(g)(1) and 924(e). The government and Carney entered into a plea agreement which provided, among other things, that the government would not seek application of the fifteen-year maximum sentence under section 924(e) if Carney provided full and accurate information concerning two bank robberies under investigation by the FBI. Paragraph three of the agreement also provided that "[t]he government agrees it will not use any and all information provided regarding the two bank robberies to bring charges against [Carney]. The information will be used for the sole purpose of clearing these crimes off the books."
 
 
 5
 Carney appeared before a senior district judge[1] who was substituting for the district judge[2] to whom the case had been assigned. He entered his plea of guilty to the firearms charge, the plea agreement was approved by the court and the matter was transferred back to the assigned judge for sentencing upon receipt of the PSR.
 
 
 6
 After preparation and receipt of the PSR, the district court determined that the fifteen-year minimum sentence prescribed by 18 U.S.C. Sec. 924(e) was mandatory, not discretionary as believed by the parties. As a result, the district court permitted Carney to withdraw his guilty plea to the firearms charge. This ultimately led to a new plea agreement under which Carney assented to enter a plea of guilty to one of the bank robberies referred to in paragraph three of the initial compact. The new agreement, of necessity, included Carney's waiver of any objection to the government's use of bank robbery information that was immunized in the first agreement. The second agreement mentioned use of Carney's confession in conjunction with a "guilty plea," but did not specifically discuss sentencing. After accepting Carney's guilty plea to the 18 U.S.C. Sec. 2113(a) (bank robbery) violation, the district court ordered a new PSR.
 
 
 7
 At the sentencing hearing, the parties agreed that the custody range under the sentencing guidelines was 41-51 months. The government argued and the district court found, that an upward departure from this range was in order because the guideline calculation did not appropriately reflect Carney's extensive criminal record. While Carney contends that any departure was unreasonable, and an abuse of discretion, his principal claim is that the district court misused, for sentencing purposes, the information that he voluntarily provided to "clear the books" on the bank robberies.
 
 
 8
 There are two facets of appellant's misuse argument. First, he claims that the consideration of this information violated the original plea agreement. Second, Carney contends that U.S.S.G. Sec. 1B1.8(a) precludes its use.
 
 The guideline states as follows:
 
 9
 (a) Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.
 
 
 10
 Accordingly, the two prongs of Carney's contentions are intertwined.
 
 
 11
 It is doubtful that section 1B1.8(a) is applicable when the information is used by the court to make, as here, an otherwise proper and lawful upward departure. However, we do not need to decide this question.
 
 
 12
 This court held in United States v. Abanatha, 999 F.2d 1246, 1248 (8th Cir. 1993), that information revealed on the basis that the government would not use it against the defendant should not be placed in the PSR. Here, of course, the bank robbery information advanced by Carney was in the PSR, and the district court used it. It was, however, in the report because Carney waived, in the second plea agreement, any blanket immunization that the government may have placed on the bank robbery information. Carney made this waiver, obviously, to avoid the mandatory 180-month sentence required under the firearms charge. Without this information being available to the district judge, there would have been no basis for the acceptance of a plea of guilty to the offense carrying a lesser guideline penalty.
 
 
 13
 In our view, Carney cannot have it both ways. We believe that his waiver made the bank robbery information available to the court for all purposes including a determination of Carney's guilt or innocence of the underlying offense and a determination of the sentence to be imposed for that offense.
 
 
 14
 Accordingly, we find no error on the part of the district court. The sentence is affirmed.
 
 
 
 [1]
 The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri